**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 13 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| FRANCISCO ALBERTO RAMIREZ-FERRUFINO, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No.   14-73632 <br><br> Agency No. A094-176-574 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 6, 2018[**]
Pasadena, California

Before:  REINHARDT, TASHIMA, and NGUYEN, Circuit Judges.

Francisco Alberto Ramirez-Ferrufino petitions for review of a Board of

Immigration Appeals (BIA) decision affirming the denial of his applications for

asylum, withholding of removal, Convention Against Torture (CAT) relief, and

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

special rule cancellation of removal under the Nicaraguan Adjustment and Central American Relief Act (NACARA). We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition.

1. Ramirez-Ferrufino concedes that he is ineligible for asylum, withholding of removal, and NACARA cancellation of removal under the persecutor bar if the adverse credibility finding is proper. *See* 8 U.S.C. §§ 1158(b)(2)(A)(i), 1231(b)(3)(B)(i); 8 C.F.R. § 1240.66(a). Substantial evidence supports the adverse credibility determination. *See Joseph v. Holder*, 600 F.3d 1235, 1240 (9th Cir. 2010) ("Credibility determination are reviewed under the substantial evidence standard."). "The inconsistencies in [petitioner]'s story are not minor; rather, they go to the heart of [his] asylum application" and the applicability of the persecutor bar. *See Pal v. INS*, 204 F.3d 935, 938 (9th Cir. 2000). Though the IJ improperly applied the REAL ID Act to Ramirez-Ferrufino's pre-May 11, 2005 application, this error was rendered harmless by the BIA's "application of the correct legal standard." *Singh v. Holder*, 591 F.3d 1190, 1198 (9th Cir. 2010) (quoting *Ghaly v. INS*, 58 F.3d 1425, 1430 (9th Cir. 1995)).

2. Ramirez-Ferrufino argues that the BIA erred by affirming the denial of his request for relief under the CAT. Substantial evidence supports the agency's conclusion that he failed to meet his burden of showing that he will likely be tortured in El Salvador "by or at the instigation of or with the consent or

2

acquiescence of a public official" because of his former military membership. *See* 8 C.F.R. § 1208.18(a)(1); *see also Owino v. Holder*, 771 F.3d 527, 531 (9th Cir. 2014) ("Denial of CAT relief is reviewed for substantial evidence[.]").

**DENIED.**